UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
R. Brooke Jackson

Criminal Case No. 1: 18-cr-00501-1-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YUSUF JONES,

    Defendant.

---

## ORDER ON MOTION FOR COMPASSIONATE RELEASE
---

    Mr. Jones, through counsel, moves for compassionate release. ECF No. 173 (plus two supplements at ECF Nos. 185 and 187). The government opposes the motion. ECF No. 189. After considering the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, the motion is denied for the following reasons:

    1. On February 20, 2020 Mr. Jones, age 29, was sentenced on Count 1, Assault Causing Serious Bodily Injury and Aiding and Abetting, to 57 months in the Bureau of Prisons. Mr. Jones was one of three inmates at the Federal Correctional Institution in Florence, Colorado, who assaulted a fourth inmate. His two co-defendants have also pled guilty and have been sentenced, one to 54 months and the other to 30 months. The statutory range applicable to Mr. Jones was not more than 10 years, and his Guideline range was 63-78 months.

    2. On June 15, 2020, Mr. Jones filed the pending motion. It informed the Court that Mr. Jones had not yet been transferred to the BOP facility where he will serve his sentence, and

therefore, that he could not exhaust his administrative remedies at that time. Nevertheless, he requested that his sentence be reduced to time served, suggesting that upon his release he would be willing to enter a halfway house and then live with his grandmother in Iowa. ECF No. 173 at 15. At that time, Mr. Jones had served approximately 23% of his sentence by the Court's calculation, assuming that all presentence time is given full credit.

3. In a supplement filed on September 10, 2020 Mr. Jones advised the Court that he had been transferred to a BOP facility. The government's opposition to the motion informs the Court that Mr. Jones was initially reassigned to the Federal Transfer Center in Oklahoma City. ECF No. 189 at 3. Mr. Jones submitted a compassionate release request to the warden of that facility. Shortly thereafter he was transferred to USP Leavenworth. According to the government, on August 25, 2020 the warden of the Federal Transfer Center had denied Mr. Jones's compassionate release request, although Mr. Jones's counsel apparently was not provided with a copy of the denial at that time. *See id.* at 3 n.1.

4. On September 17, 2020, in a second supplement, defendant's counsel reported that she had received medical records indicating that Mr. Jones had tested positive for COVID-19 on September 5, 2020. According to the government's response, however, additional records show that Mr. Jones was removed from isolation on September 15, 2020, and that he no longer is positive for COVID-19. ECF No. 189 at 4.

5. As of today the Court calculates that Mr. Jones has served approximately 30% of his sentence.

6. In addition to the concerns that we all have during the pandemic, Mr. Jones cites the Probation Department's Presentence Investigation Report in which certain physical conditions were noted. In that report, ECF No. 131, it is noted that Mr. Jones had reported that in 2002 (age

11) he sustained injuries to his leg and his head when he was hit by a car while riding a bicycle, requiring multiple surgeries. In 2015 he was hospitalized for eight days due to a cyst and osteomyelitis. He also reported that he suffers from asthma, although he is not prescribed an inhaler. *Id.* at ¶¶71, 72. One or more of these conditions could potentially qualify as a serious medical condition that would place Mr. Jones in a higher risk category if he is infected by the coronavirus again. However, he has provided no documentation from a health care professional indicating that he presently suffers from such a serious medical condition, nor has he shown that he is in danger of testing positive for the virus a second time.

      7. Regardless, Mr. Jones is entitled to receive adequate medical care while in the custody of the BOP. Also, the Court is aware that the BOP has taken many measures to protect inmates and staff from the virus. In its response the government asserts that USP Leavenworth has undertaken extensive safety measures to prevent continued outbreaks. *Id.* at 15 and 15 n.12. The Court has no contrary information.

      8. The government concedes that Mr. Jones exhausted his administrative remedies. *Id.* at 6. However, the Court does not find that he has provided an extraordinary and compelling reason for a compassionate release. Moreover, release after serving 30% of a sentence that was imposed with full consideration of the factors set forth at 18 U.S.C. § 3553(a), and is already a variant sentence, is not appropriate, as it would not accomplish the goals of punishment, deterrence, assuring community safety, or the avoidance of unwarranted sentencing disparities.

**ORDER**

Defendant's motion for a compassionate release, ECF No. 173, is DENIED.

DATED this 9th day of October, 2020.

BY THE COURT:

_____

R. Brooke Jackson

United States District Judge